UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEAN CLAUDE JULES, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:22-cv-10458-IT |
| | * |
| NELSON B. ALVES, | * |
| | * |
| Respondent. | * |

MEMORANDUM & ORDER

August 5, 2022

TALWANI, D.J.

Petitioner Jean Claude Jules filed a Petition for Writ of Habeas Corpus ("Habeas Petition") [Doc. No. 1] on March 25, 2022, seeking release from confinement pursuant to 28 U.S.C. § 2241(c)(3). Respondent Nelson Alves filed the pending Motion to Dismiss [Doc. No. 8] the Habeas Petition as time-barred under 28 U.S.C. § 2244(d). For the reasons set forth below, Respondent's Motion to Dismiss [Doc. No. 8] is GRANTED.[1]

## I.     Background

On February 16, 2007, a Plymouth County Superior Court jury convicted Petitioner of first-degree murder, and sentenced Petitioner to life imprisonment. Ex. 1, Superior Court Docket, 6 [Doc. No. 8-1]. Petitioner filed a Notice of Appeal on February 22, 2007. Id.

The case was entered on the docket of the Supreme Judicial Court of Massachusetts ("SJC") on July 17, 2008. Ex. 2, SJC Docket, 1 [Doc. No. 8-2]. On April 12, 2010, Petitioner filed with the SJC a motion for a new trial. Id. at 2. On April 13, 2010, the SJC stayed the direct

---

[1] Petitioner's Verified Motion to Order the State to Fully Traverse the Petition [Doc. No. 7] is denied as moot.

appeal and remanded the motion for a new trial to the Plymouth Superior Court. Ex. 1, Superior Court Docket, 7 [Doc. No. 8-1]. On April 28, 2011, the Plymouth Superior Court denied Petitioner's motion for a new trial. Id. at 8. Petitioner appealed that denial on May 6, 2011. Id. On March 7, 2013, the SJC affirmed the conviction and the denial of the motion for a new trial. See Commonwealth v. Jules, 464 Mass. 478 (2013).

On January 27, 2014, Petitioner proceeding pro se filed in the Plymouth Superior Court another motion for a new trial, a motion to appoint counsel, and a motion to stay the motion for a new trial until counsel had been appointed by the court; the motion to appoint counsel was approved on January 28, 2014, and counsel was appointed the same day. Ex. 1, Superior Court Docket, 8 [Doc. No. 8-1]. Appointed counsel did not seek relief on Petitioner's behalf and the Superior Court Docket does not show any resolution of the pro se motion.

Petitioner did not file anything further until January 14, 2019, when he filed a pro se motion in the Plymouth Superior Court to vacate, set aside, or correct sentence. Id. at 9. On March 19, 2019, the Plymouth Superior Court denied this post-conviction motion. Id. On April 19, 2019, Petitioner filed pro se a Petition for Leave to Appeal ("Gatekeeper Petition")[2] the denial of Petitioner's post-conviction motion. See Ex. 4, Gatekeeper Petition [Doc. No. 8-4]. A single justice of the SJC denied the Gatekeeper Petition on August 9, 2019. Ex. 3, SJC Docket, 2 [Doc. No. 8-3].

---

[2] A "gatekeeper petition" is a petition for leave to appeal with a single justice of the SJC, occurring on a motion filed after the SJC has provided plenary review and rescript. M.G.L. c. 277 § 33E ("If any motion is filed in the superior court after rescript, no appeal shall lie from the decision of that court upon such motion unless the appeal is allowed by a single justice of the supreme judicial court on the ground that it presents a new and substantial question which ought to be determined by the full court").

2

On December 28, 2021, Petitioner filed a state habeas petition under G.L. c. 248 §§ 1-25. Pet.'s Resp. 2 [Doc. No. 12]. The state petition was denied without hearing on February 28, 2022. Ex. A, Judgement [Doc. No. 12-1].

On March 25, 2022, Petitioner filed the instant Habeas Petition pro se.

## II.    Statement of Law

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution of laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). With regard to subsection (A), the "'time for seeking' direct review includes the period for filing a certiorari petition." Lawrence v. Florida, 549 U.S. 327, 328 (2007) (contrasting language in 28 U.S.C. § 2244(d)(1) and (d)(2)). The period for filing a petition for writ of certiorari is "within 90 days after entry of [an] order denying discretionary review." Sup. Ct. R. 13.1.

Further, the "[t]ime during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2).

The statute of limitations for federal habeas corpus is also subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling if he can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks and citation omitted). The diligence required to entitle a petitioner to equitable tolling "is reasonable diligence, not maximum feasible diligence." Id. at 653 (internal quotation marks and citations omitted). The circumstances standing in the way and preventing timely filing "must be extraordinary before equitable tolling can be applied." Id. at 653-54; see also Fradella v. Petricca, 183 F.3d 17, 21 (1st Cir. 1999) (equitable tolling is available in rare cases where "extraordinary circumstances beyond the claimant's control prevented timely filing, or the claimant was materially misled into missing the deadline"). Further, "[g]arden variety" neglect or "miscalculation" does not warrant equitable tolling. Id. at 650-51.

**III.   Discussion**

    A.    *Application of the AEDPA*

Respondent argues that the period within which Petitioner could have filed a habeas petition pursuant to 28 U.S.C. § 2244(d)(1)(A) ended on June 8, 2014,[3] because he abandoned the 2014 post-conviction motion in Plymouth Superior Court which could have extended the time under 28 U.S.C. § 2244(d)(2). Respondent further argues that even if Petitioner's time to file a federal habeas petition was extended by the post-conviction motion in Plymouth Superior

---

[3] The SJC's March 7, 2013 decision became final 90 days later, which Respondent calculates as June 8, 2013. Mem. of Law in Supp. of Mot. to Dismiss 3 [Doc. No. 9]. Respondent's calculation included three additional days in Petitioner's favor, perhaps because Massachusetts' rules of civil procedure require three days added to the prescribed period to take action if paper or notice is served upon a party by mail. Mass. R. Civ. P. 6(d). The three days are not material here.

Court in 2014, that extended time to file the federal habeas petition ended within one year of the August 2019 denial of the Gatekeeper Petition. Petitioner contends that his Habeas Petition is timely because it was filed within one year of the February 28, 2022 denial of his Massachusetts habeas petition.

As stated above, under the AEDPA, "the finality of a state-court judgment is expressly defined by statute as 'the conclusion of direct review or the expiration of the time for seeking such review.'" Jimenez v. Quarterman, 555 U.S. 113, 119 (2009) (quoting 28 U.S.C. § 2244(d)(1)(A)). The one-year time limitation is tolled while a state post-conviction claim is pending. 28 U.S.C. § 2244(d)(2). A post-conviction claim is pending from the time of filing through a lower-court's entry of judgment, the filing of an appeal with a higher court, and final resolution as governed by the state's post-conviction procedures. Carey v. Saffold, 536 U.S. 214, 219-21 (2002); see also Currie v. Matesanz, 281 F.3d 261, 263 (1st Cir. 2002) ("An application for post-conviction relief is pending from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures" (internal quotation marks and citation omitted)). For purposes of the AEDPA, the denial of Petitioner's Gatekeeper Petition on August 9, 2019, constitutes "final resolution through [Massachusetts'] post-conviction procedures." Drew v. MacEachern, 620 F.3d 16, 21 (1st Cir. 2010) (internal quotation marks and citation omitted); see also Commonwealth v. Herbert, 445 Mass. 1018, 1018, 838 N.E.2d 1236 (2005) ("It is well established that 'the decision of the single justice, acting as a gatekeeper pursuant to G.L. c. 278, § 33E, is final and unreviewable'" (quoting Commonwealth v. Perez, 442 Mass. 1019, 1019, 813 N.E.2d 497 (2004) (internal quotations omitted)); Currie, 281 F.3d at 267–68 (interpreting "pending" in § 2244(d)(2) to include the gap between the date

on which a trial court denied a petitioner's motion for a new trial and the date on which the petitioner filed a section 33E gatekeeper petition).

Turning to whether the Habeas Petition in this case is time-barred, the court finds that direct review concluded on March 7, 2013, when the SJC provided its plenary review of Petitioner's case, consolidated direct appeal, and affirmed the denial of the motion for a new trial. Providing for the ninety-day period during which Petitioner could have petitioned for writ of certiorari, the one-year clock under the AEDPA began on June 8, 2013. Where the one-year limit is tolled during state post-conviction matters, the clock was paused on January 27, 2014, with Petitioner's filing of the pro se motion for a new trial. This left Petitioner with approximately 130 days to file a federal habeas petition once the clock resumed. Consistent with the Supreme Court's interpretation of "pending," time under the AEDPA was tolled until Petitioner "achieved final resolution through the State's post-conviction procedures." Saffold, 536 U.S. at 220. Petitioner achieved final resolution through Massachusetts' post-conviction procedures on August 9, 2019, when the Gatekeeper Petition was denied. Thus, Petitioner's Habeas Petition became time-barred on December 12, 2019—132 days after the denial of the Gatekeeper Petition.

Petitioner's argument that the Habeas Petition is timely because it was filed within one year of the denial of his state habeas petition is unavailing. While the one-year time limit for the federal habeas petition is tolled during state post-conviction or other collateral review, 28 U.S.C. § 2244(d)(2), Petitioner filed his state habeas petition on December 28, 2021—over two years after the federal habeas petition became time-barred. The state habeas petition cannot restart the clock on the one-year limitation and where the clock had already run out for Petitioner further tolling is irrelevant.

Accordingly, the court finds that Petitioner's Habeas Petition filed on March 25, 2022, is time-barred under the AEDPA.

B.  *Equitable Tolling*

Under the doctrine of equitable tolling, Petitioner must prove that he has been pursuing his rights diligently and that an extraordinary circumstance prevented him from timely filing. See Holland, 560 U.S. at 645. However, Petitioner does not contend that equitable tolling for the AEDPA limitation period is applicable here and the record does not support a finding that Petitioner has diligently pursued his rights. Petitioner filed a motion for a new trial in 2014 and took no further action until he filed his motion pursuant to Massachusetts Superior Court Rule 61A in 2019. After the Gatekeeper's Petition was denied in December 2019, he took no further action for more than two years.

Nor does Petitioner contend extraordinary circumstances prevented him from filing in a timely manner. Petitioner provides no explanation for the significant periods during which relief was not sought, the inaction on the 2014 motion for a new trial, or the more than two-year period between the denial of the Gatekeeper's Petition and the filing of the state habeas petition. Accordingly, the court finds that equitable tolling is not proper in this case.

**IV.  Conclusion**

For the foregoing reasons, Respondent's Motion to Dismiss [Doc. No. 8] the Habeas Petition [Doc. No. 1] is GRANTED.

IT IS SO ORDERED.

Dated: August 5, 2022                                         /s/ Indira Talwani
                                                              United States District Judge